|  |  |
|---|---|
| LJP BUILDING, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>WESTCHESTER SURPLUS LINES INSURANCE COMPANY,<br><br>      Defendant. | IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR LEE COUNTY, FLORIDA<br><br>Case No.: |

## COMPLAINT

Plaintiff, LJP BUILDING, LLC (the "Plaintiff"), hereby sues Defendant, WESTCHESTER SURPLUS LINES INSURANCE COMPANY (the "Defendant"), and alleges as follows:

### JURISDICTION & VENUE

1. This is an action for damages in excess of $50,000.00, exclusive of attorneys' fees, costs, and prejudgment interest.

2. At all times material, Plaintiff, LJP BUILDING, LLC resided and continued to reside in Lee County, Florida.

3. Defendant, WESTCHESTER SURPLUS LINES INSURANCE COMPANY, is a corporation licensed to do business in Florida, and at all material times hereto, has been conducting business in Lee County, Florida.

4. Venue is proper in Lee County, Florida because the contract, which forms the subject matter of this lawsuit, was executed in Lee County, Florida.

### GENERAL ALLEGATIONS

5. Plaintiff entered into an insurance contract with Defendant bearing policy number FSF16681532-001 (the "Policy"), provided coverage to Plaintiff's property located at 910 SE 14th

Place, Cape Coral, Florida 33990 (the "Property"). A formal copy of the Plaintiff's Policy is not currently in the possession of Plaintiff, but is well known to Defendant, and has been requested by Plaintiff through a Request to Produce, which has been served upon Defendant contemporaneously with this Complaint. *See, Equity Premium, Inc. v. Twin City Fire Ins. Co.*, 956 So. 2d 1257 (Fla 4th DCA 2007); *Amiker v. Mid-Century Ins. Co.*, 398 So. 2d 974 (Fla 1st DCA 1981); *Parkway General Hospital, Inc. v. Allstate Ins. Co.*, 393 So. 2d 1171 (Fla. 3rd DCA 1981); and *Sasche v. Tampa Music Co.*, 262 So. 2d 17 (Fla. 2nd DCA 1972).

6. At all times material hereto, the Policy was in full force and effect.

7. The Policy stipulates, in pertinent part, that Defendant provides coverage for damage to covered property, including contents, that is caused by or results from all risks unless otherwise expressly excluded or limited by the Policy.

8. The Policy provides coverage for loss or damage caused by or resulting from a Named Storm and/or Hurricane.

9. On or about September 28, 2022, Plaintiff sustained widespread losses and/or damage to the Property as a result of Hurricane Ian (the "Loss").

10. In accordance with the Policy, Plaintiff properly and timely notified Defendant of the Loss.

11. Defendant acknowledged Plaintiff's claim and assigned a claim number to the Loss (hereinafter, the "Claim").

12. Thereafter, despite acknowledging coverage for the Claim, Defendant wrongfully and improperly limited coverage, withheld payment and underpaid the Claim.

13. Plaintiff has provided Defendant with a full and particular account of Plaintiff's damages in connection with the Claim.

14. Despite Plaintiff's requests for reconsideration, to date, Defendant has failed and continues to refuse to adequately compensate Plaintiff for the covered damage.

15. Defendant has failed to establish reasonable proof that it was not responsible for payment of Plaintiff's damages and/or losses, and has failed to pay the requested amounts for remediation, repair and/or replacement of Plaintiff's property, plus applicable interests, pursuant to the terms of the Policy.

16. As a result of the foregoing, Defendant is in breach of the Policy.

17. Plaintiff has complied with all terms and conditions of the Policy, and all conditions precedent to the bringing of this action have been performed, waived, or excused.

## COUNT I – BREACH OF CONTRACT

18. Plaintiff reincorporates paragraph 1 through 17, as if fully set forth herein.

19. Plaintiff and Defendant entered into a written contract – the Policy – wherein Plaintiff agreed to pay a premium and Defendant, in exchange, agreed to insure the Property, amongst other things.

20. Plaintiff suffered a loss covered under the Policy as a result of Hurricane Ian.

21. Plaintiff properly and timely notified Defendant of the Claim.

22. Defendant wrongfully denied payment to Plaintiff for a covered loss by willfully refusing to indemnify Plaintiff for the full extent of loss and/or damage sustained in connection with the Claim.

23. As of the date of the filing of this lawsuit, Defendant has failed to: (a) establish reasonable proof that it was not responsible for payment of Plaintiff's damages and/or losses; and (b) pay the requested amounts for remediation, repairs and/or replacements of Plaintiff's property, plus applicable interests, pursuant to the terms of the Policy.

24. Defendant has materially breached the Policy.

25. As a direct and proximate result of Defendant's breach of the Policy, Plaintiff has and continues to suffer damages, exclusive of costs and attorneys' fees, within the jurisdictional limits of this Court.

26. Defendant's acts and/or omissions have caused the Plaintiff to retain the services of the undersigned counsel to represent it in the bringing of this action pursuant to Sections 627.70152, 627.428, 626.9373, 57.041. 57.104, Florida Statutes.

27. Plaintiff is entitled to recover attorney's fees and costs under Sections 627.70152, 627.428, 626.9373, 57.041. 57.104, Florida Statutes.

WHEREFORE, the Plaintiff, LJP BUILDING, LLC, demands entry of judgment in her favor and against the Defendant, WESTCHESTER SURPLUS LINES INSURANCE COMPANY, for damages, interest, attorneys' fees, costs, and such other relief as this Honorable Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully demand a trial by jury of all issues so triable, as a matter of right.

DATED: August 16, 2023.

Respectfully submitted,

/s/ J.C. Quintana
J.C. Quintana, Esq.
Fla. Bar No.: 115572
E-mail: jcq@qlawgroup.law
**Q LAW GROUP, P.A.**
2330 S. BAYSHORE DRIVE, SUITE 220
COCONUT GROVE, FLORIDA 33133
TEL.: (305) 419-4090
FAX: (305) 419-4091
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 16, 2023, a true and correct copy of the foregoing document was electronically filed with the Florida Courts E-Filing Portal via transmission of Notices of Electronic Filing generated by Florida Courts E-Filing Portal (eservice@myflcourtaccess.com).

                                                */s/  J.C. Quintana*
                                                J.C. Quintana, Esq.
                                                Fla. Bar No.: 115572
                                                *Counsel for Plaintiff*